IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3365-BO

| | |
|---|---|
| JAMAL MOHAMMAD ELEIDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

Jamal Mohammad Eleidy ("plaintiff"), a federal inmate, filed a "motion for return of seized documents, and to set aside administrative forfeiture pursuant to 18 U.S.C. § 983(e)." The matter now is before the court on defendant the United States' ("United States") motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE 15). The issues raised have been fully briefed and are ripe for adjudication.

## BACKGROUND

In 2018, plaintiff was under investigation for violations of bank fraud, credit card fraud, wire fraud, and identification theft. (DE 16-2). On May 31, 2018, Federal Bureau of Investigation ("FBI") agents executed a search warrant at plaintiff's home. ((DE 4-1), p. 2). There were several cars parked at plaintiff's house, including a 2012 Chevrolet Suburban ("Suburban"). ((DE 4-2), p. 2). Agents presented plaintiff with a United States Department of Homeland Security ("DHS") Form 4607 captioned "Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized

Merchandise" for the Suburban, which plaintiff signed. (Id. p. 4; (DE 16-1); (DE 16-2)). The vehicle subsequently was posted on www.forfeiture.gov from July 2, 2018 to August 5, 2018. (DE 16-2); (DE 16-3). The vehicle next was processed for administrative forfeiture, and declared forfeited on October 1, 2018 after no claim was filed. (DE 16-4).

On May 8, 2020, plaintiff pleaded guilty in this district to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344(1); 18 U.S.C. § 1349; and 18 U.S.C. § 1344(2), and was sentenced to a term of one hundred nine months' imprisonment, and five years' supervised release. United States v. Eleidy, No. 5:19-cr-00133-FL (E.D.N.C. Mar. 19, 2021). On April 5, 2021, the judge in plaintiff's criminal action entered a preliminary order of forfeiture, and entered an amended judgment to account for amendments to the preliminary order of forfeiture. Id. (DE 120, 121, 138). On January 10 and February 28, 2022, plaintiff filed motions for return of property in his criminal action, seeking the return of the Suburban, as well as, various identification documents which were seized during the execution of the search warrant. Id. (DE 134, 137). The judge in plaintiff's criminal action denied both motions without prejudice to filing them as a civil action governed by the Prison Litigation Reform Act. See (DE 138).

On October 3, 2022, plaintiff filed this action pro se pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Torts Claim Act ("FTCA"), and named as defendants the United States, Angela Ellison, Kiernan Oneill Whitworth, and Luis Castrillon. Plaintiff also filed a pleading captioned "motion for return of seized documents, and to set aside administrative forfeiture pursuant to 18 U.S.C. § 983(e) for a 2012 Chevrolet Suburban." See (DE 4). In his filings, plaintiff seeks the return of his Suburban and "personal documents." (Id.) On April 19, 2023, the court conducted an initial review of plaintiff's

2

action pursuant to 28 U.S.C. § 1915(e)(2)(B), and construed the action as one to set aside administrative forfeiture under 18 U.S.C. § 983(e). The court allowed plaintiff to proceed with his action against the United States, but dismissed the remaining defendants. See (DE 8).

On August 22, 2023, defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant attached to its motion the following documents: DHS Form 4607– Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise; United States Customs and Border Protection Memorandum; Legal Notice of Seizure and Intent to Forfeit; DHS United States Customs and Border Protection Declaration of Administrative Forfeiture; and the United States Department of Justice FBI Receipt for Property. On September 11, 2023, the court directed the Clerk of Court to issue a Rule 56 letter. See (DE 18). Plaintiff responded, and defendant replied.

## DISCUSSION

A. Standards of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the

3

same procedural motion as he would receive under a Rule 12(b)(6) consideration." Id. "[A]ll facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the defendant challenges the factual predicate of subject matter jurisdiction, a court "may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations" without converting the matter to summary judgment. Adams, 697 F.2d at 1219; Kerns, 585 F.3d at 192.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Papasan v. Allain, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

4

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then " come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586– 87 (1986) (internal quotation omitted).

B.  Analysis

Plaintiff seeks the return the Suburban as well as identification documents which were seized during the execution of the search warrant. Regarding the identification documents, these items were not seized as part of a forfeiture, and, thus, are not properly the subject of a § 983(e) motion. The court, instead, construes plaintiff's motion for the return of his identification documentation as a motion for the return of property pursuant to Federal Criminal Rule 41(g).[1] The court will address plaintiff's motion for the return of property pursuant to Rule 41(g) at a later date.

As for the Suburban, § 983(e) provides the "exclusive remedy" for seeking to set aside an administrative declaration of forfeiture. 18 U.S.C. § 983(e)(5). Once an administrative forfeiture is entered, the court lacks jurisdiction to consider the merits of the forfeiture, and the only issue remaining is the adequacy of notice. See United States v. Martins, 475 F. App'x 873, 874 (4th Cir. 2012); Ibarra v. United States, 120 F.3d 472, 476 (4th Cir. 1997); Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005); see also, 18 U.S.C. § 983(e)(1), (5). Thus, plaintiff may only challenge the adequacy of the notice pertaining to the administrative forfeiture of the Suburban.

To prevail on a claim pursuant to 18 U.S.C. § 983(e), the plaintiff must establish the following: "(A) the Government knew, or reasonably should have known, of the moving party's

---

[1] Defendant has represented that it will voluntarily return to plaintiff certain documents seized from plaintiff which are still being held as evidence. See ((DE 26), p. 1).

interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1); see also, United States v. Minor, 228 F.3d 352, 357 (4th Cir. 2000); United States v. Pierce, No. 4:03–474–24–CWH, 2007 WL 1202556, at *1 (D.S.C. Apr. 23, 2007) ("Because the defendant did not contest the administrative forfeiture by timely filing a claim for the currency, the Court only has jurisdiction to determine whether the defendant received adequate notice of the seizure."); City of Concord v. Robinson, 914 F. Supp. 2d 696, 705 (M.D.N.C. 2012) ("[W]ith the exception of notice issues, federal courts have no jurisdiction to hear claims that a completed administrative forfeiture violated the property owner's constitutional rights.").

Here, plaintiff has not established the first element required by § 983(e), because the United States provided adequate notice of the administrative forfeiture. See 19 U.S.C. § 1607; (DE 16-2); (DE 16-3). To the extent plaintiff asserts defendant did not provide adequate notice because it did not provide plaintiff written notice of the forfeiture, written notice is only required to be sent to "each party who appears to have an interest in the seized article." See 19 U.S.C. § 1607. Here, plaintiff did not have an interest in the property because he signed a DHS Form 4607, disclaiming his ownership in the Suburban. See United States v. Assorted Artifacts, No. 1:16cv1393, 2017 WL 1205086, at *3 (E.D. Va. Feb. 21, 2017), adopting R&R, 2017 WL 1199735 (Mar. 29, 2017); Settle v. United States, No. 4:12cv521JCH, 2012 WL 3891616, at *2 (E.D. Mo. Sept. 7, 2012), aff'd, 498 F. App'x 665 (8th Cir. 2013).

To the extent plaintiff asserts he was coerced into signing the DHS Form 4607, he subsequently signed a written plea agreement in his criminal case in which he agreed to "forfeit[] and otherwise waive[] any ownership right in all items seized during the investigation of the acts

6

alleged in the Indictment." See Eleidy, No. 5:19-CR-133-FL (DE 107); see also, United States v. Garza, No. 3:16-CR-00097-FDW-DCK, 2022 WL 2348684, at *2 (W.D.N.C. June 29, 2022) (citing United States v. Stokes, 191 F. App'x 441, 444 (7th Cir. 2006)); Hurt v. United States, 3:19-cv-49-MPM , 2019 WL 2411433, at *3 (N.D. Miss. June 7, 2019), appeal dismissed, 2019 WL 6902975 (5th Cir.).

Plaintiff, likewise, cannot establish the second element required by § 983(e), because he had actual knowledge of the seizure due to the fact he was present when the Suburban was seized. See (DE 16-1); (DE 16-2); (DE 16-3); see also, 18 U.S.C. § 983(e)(1)(B); Harrington v. U.S. Drug Enforcement Agency, No. Civ.A. 05-CV-206-WOB, 2006 WL 897221, at *4 (E.D. Ky. Apr. 6, 2006); United States v. Russell, No. 2:04-cr-150-MHT, 2006 WL 2786883, at *3 (M.D. Ala. Sept. 27, 2006); In re Sowell, No. 08-51163, 2009 WL 799570, at *3 (E.D. Mich. Mar. 19, 2009). Based upon the foregoing, plaintiff is not entitled to relief pursuant to § 983(e).

## CONCLUSION

In summary, defendant's motion (DE 15) is GRANTED as to the Suburban. The parties may file dispositive motions related to the identification documentation by January 3, 2024.

SO ORDERED, this the 30 day of November, 2023.

TERRENCE W. BOYLE
United States District Judge

7